THE BOARD OF EDUCATION OF THE CITY OF WELL-
INGTON v. WILLIAM GELINO.

**No. 429.** (58 Pac. 277.)

1. MECHANICS' LIENS— *Subcontractor*— *Time Limit.* Under section 3 of chapter 168 of the Laws of 1889 (Gen. Stat. 1889, § 4735; Gen. Stat. 1897, ch. 96, § 24; Gen. Stat. 1899, § 4927), a subcontractor claiming a lien for material furnished must file a statement of lien within sixty days from the date upon which material was last furnished.

2. ——— *Pleading.* The petition examined, and *held*, that the demurrer thereto should have been sustained.

Error from Sumner district court; JAMES A. RAY, judge. Opinion filed September 16, 1899. Reversed.

*J. S. Dey*, and *Levi Ferguson*, for plaintiff in error.
*James Lawrence*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by William Gelino, defendant in error, in the district court of Sumner county, against the board of education of the city of Wellington and A. R. Elliott, contractor, to enforce a mechanic's lien against a school building and the real estate on which it is situated.

The petition is too long to be set forth in this opinion. It alleges that Elliott entered into a written contract with the board of education to erect a schoolhouse; that plaintiff below, under an oral agreement with A. R. Elliott, contractor, furnished material to Elliott, as contractor, which was accepted by him and the board of education and used in the erection of the building; that the last item of material was furnished on the 16th day of October, 1891; and that on the 11th day of February, 1892, plaintiff filed his duly verified statement for a mechanic's lien.

The material part of the verified statement filed by plaintiff below in the office of the district clerk and attached to plaintiff's petition is as follows:

"William Gelino, being by me first duly sworn, deposes and says, that he is the claimant filing this statement for lien; that under and in pursuance of a contract therefor, made by the said claimant herein with A. R. Elliott, the contractor with the owner of the lands hereinafter described, material to the amount of $363.86 was furnished by said claimant between the 8th day of December, 1890, and the 16th day of October, 1891, in the building of a schoolhouse on the following-described lands, situated in Sumner county, in the state of Kansas, to wit: Block 65 in the original town (now city) of Wellington.

"That claimant has received payment thereon in the amount of $59.62.

"That said building was completed on or about the

1st day of January, 1892 ; that exhibit hereto attached, marked 'A' and made a part hereof, contains as nearly as practicable a statement of the items of materials so furnished ; that said sum of $204.24 remains wholly unpaid thereon, and this statement is made and filed to secure a lien therefor on said lands, as in such cases made and provided by law.        WM. GELINO."

The account attached to the statement reads :

" WELLINGTON, KAN., April 9, 1891.
"A. R. Elliott, contractor, in account with William Gelino."

Then follows an itemized account running from December 8, 1890, to October 16, 1891, which is the date of the last item.

To this petition the board of education filed a demurrer alleging

" That said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against said defendant, but does show that the plaintiff has no cause of action against it."

The demurrer was argued to the court and overruled.   The defendant elected to stand upon the demurrer, and brings the case here for review.   The petition shows upon its face that Gelino, plaintiff below, was a subcontractor ; and that his statement of lien was not filed within sixty days from the date of the last item of material furnished.

The lien in this case is filed and its enforcement based on section 3 of chapter 168, Laws of 1889 (Gen. Stat. 1897, ch. 96, § 24 ; Gen. Stat. 1899, § 4927).   In the case of *Hotel Co. v. Hardware Co.*, 56 Kan. 448, 43 Pac. 769, Chief Justice Martin said :

" Under the act of 1862, a subcontractor was required to file his lien statement within sixty days after the completion of the building ; but under that

of 1889 he must file it within sixty days after furnishing the last item of his account.''

The petition shows upon its face that the lien was not filed in time. The demurrer should have been sustained. The judgment of the district court is reversed, the case remanded, and the court directed to sustain the demurrer and render judgment in favor of the board of education for costs.